IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 25-13  Erie |
| v. | ) | |
| | ) | **[UNDER SEAL]** |
| GABRIEL ANTHONY PIKE | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Transportation of material depicting the sexual exploitation of a minor In and around November 2023 | 18 U.S.C. §§ 2252(a)(1) and 2252(b)(1) |
| 2 | Possession of material depicting the sexual exploitation of a minor In and around November 2023 | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |



MAY 13 2025

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## II. ELEMENTS OF THE OFFENSES

**A.    As to Count 1:**

In order for the crime of transportation of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(a)(1) and 2252(b)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

      1.    That the defendant knowingly transported or shipped a visual depiction.

      2.    The production of the visual depiction involved the use of a minor engaged in sexually explicit conduct and the visual depiction was of such conduct.

      3.    That the defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct.

      4.    That the defendant shipped or transported the visual depiction in interstate or foreign commerce, by any means, including by computer.

Title 18, United States Code, Sections 2252(a)(1) and 2252(b)(1).

**B.    As to Count 2:**

In order for the crime of possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

      1.    That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

Title 18, United States Code, Section 2252(a)(4)(B).

2.

2.      That the item which contained the visual depiction had been mailed, transported or shipped in interstate of foreign commerce, or had been produced using materials which had been mailed or transported or shipped in interstate or foreign commerce.

Title 18, United States Code, Section 2252(a)(4)(B).

3.      That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

4. That the visual depiction involved prepubescent minors or minors who had not attained 12 years of age.

Title 18, United States Code, Section 2252(a)(4)(B).

### III. PENALTIES

**A.      As to Count 1: Transportation of material depicting the sexual exploitation of a minor (18 U.S.C. §§ 2252(a)(1) and 2252(b)(1)):**

1.      Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than fifteen (15) years nor more than forty (40) years.

2.      A fine of $250,000 (18 U.S.C. § 3571(b)(3)).

3.      A term of supervised release of at least five (5) years and up to life (18 U.S.C. § 3583(k)).

3

4.      Any or all the above.

**B.      As to Count 2: Possession of material depicting the sexual exploitation of a minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

1.      Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined under this title and imprisoned for not more than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years.

2.      A fine of $250,000.00 (18 U.S.C. § 3571(b)(3)).

3.      A term of supervised release of at least 5 years and up to life (18 U.S.C. § 3583(k)).

4.      Any or all the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Counts One and Two, an additional special assessment of $5,000.00 must be imposed at each count upon which the defendant is convicted as the offenses were committed after May 29, 2015, and the offenses are located within Chapter 110 of Title 18, United States Code.  18 U.S.C. § 3014(a).

4

Further, with respect to Count One, pursuant to 18 U.S.C. § 2259A(a)(2), an additional special assessment of $35,000.00 shall be assessed per count of conviction, as the offense was committed after December 7, 2018, and the offense is for trafficking in child pornography as defined at 18 U.S.C. § 2259(c)(3).

Further, with respect to Count Two, pursuant to 18 U.S.C. § 2259A(a)(1), an additional special assessment of not more than $17,000.00 shall be assessed per count of conviction, as the offense was committed after December 7, 2018, and the offense is under § 2252(a)(4).

## V. <u>RESTITUTION</u>

Restitution may be required in this case as to Counts One and Two, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663A, 3664 and 2259.

As to Counts One and Two, pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI. <u>FORFEITURE</u>

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013

5